IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURICE TUBBS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 6:14-cv-00488-JHP ) |
| TIM WILKINSON, Warden, Davis Correctional Facility | ) ) ) |

ODOC No. 640566
Place of Confinement:   Davis Correctional Facility
6888 E. 133 Rd.
Holdenville, OK 74848-9033

To The Attorney General of the State of Oklahoma

## PETITION FOR WRIT OF *HABEAS CORPUS*

Comes now, the Petitioner, by and through his attorney, M. Michael Arnett, OBA # 12071, and for his Petition for Writ of *Habeas Corpus*, hereby alleges and states, as follows:

## STATEMENT OF JURISDICTION

This is an appeal from an Order Affirming Denial of Application for Post-Conviction Relief, filed by the Oklahoma Court of Criminal Appeals, on October 20, 2014. This Petition is filed pursuant 28 U.S.C. §2254 (d). (See Exhibit A, attached hereto and incorporated herein, as if pled in full.)

## STATEMENT OF THE CASE

The Petitioner was charged by Information with Murder in the First Degree by Feloniously Discharging a Firearm into a Dwelling. The Petitioner was tried, with counsel, before a jury, February 14-17, 2011. The jury returned a guilty verdict and recommended a sentence of life in prison with the possibility of parole. The Court entered judgment and sentence in accordance with the jury verdict on May 5, 2011.

The Petitioner timely appealed in OCCA Case No. F-2011-356. The OCCA affirmed the judgment and sentence by Summary Opinion March 7, 2013.

The Petitioner filed an Application for Post-Conviction Relief on May 16, 2014, and the District Court denied the Application on June 13, 2014.

The Petitioner, with counsel, filed an appeal of the denial of the PCR on June 20, 2014, and the OCCA affirmed the denial on October 20, 2014.

## STATEMENT OF FACTS

At trial threatening letters, allegedly written by the Petitioner, were critical to the State's case. The letters were introduced to bolster to State's case as corroborative evidence of Petitioner's involvement in the crime. According to the Petitioner, the trial counsel was requested to find a handwriting expert, to testify that Petitioner did not write the letters. Trial counsel was provided funds to retain such an expert. Trial counsel never interviewed an expert, much less hired on or called one to testify. Even the Petitioner's co-defendant testified that the Petitioner had no part in the crime.

The Petitioner told trial counsel that Miguel Lee would testify Petitioner was not involved, and that Petitioner was at a house party with Lee. Mr. Lee would also have testified that one Cory Adams committed the crime. Trial counsel never interviewed Mr. Lee, much less called him to testify at trial.

Although Appellate Counsel knew of both these issues, they were never raised on appeal. These should have been raised as part of an ineffective assistance of counsel claim.

Both the District Court and the OCCA denied the application of the Petitioner because of a procedural bar in Oklahoma law.

## GROUNDS AND FACTS FOR GRANTING WRIT

**PROPOSITION:** THE DISTRICT COURT, IN DECIDING THE PCR, MISUSED THE PROCEDURAL BAR BECAUSE ITS DECISION WAS MADE ON AN ALLEGED INDEPENDENT STATE GROUND. THIS VIOLATED THE PETITIONER'S RIGHTS OF DUE PROCESS, ACCORDING TO FEDERAL LAW, AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

A person may not bring a PCR action on an issue which was raised on appeal and ruled on, or could have been raised on appeal. *Logan v. State*, 2013 OK CR 2) 293 P. 3rd 969. However, there are important exceptions which apply here.

As was argued on appeal below, the Petitioner pointed out issues of ineffective counsel which were not raised on appeal by appellate counsel. Also, because of ineffective assistance of appellate counsel, these issues were not raised on appeal. This could address the element of cause for not arguing the issues, and the prejudice is obvious.

The question here is the use of the statutory bar by the courts below, rather than

addressing constitutional issues which were raised in the Petitioner's appeal. The question is the manner in which the PCR rules were applied to the Petitioner, and that the application of rules was unconstitutional. Federal substantive due process is at issue here.

The words "due process" suggest a concern with procedure, and that is how the Due Process Clause is usually understood. The due process clause of the Fourteenth Amendment clause also promises that before depriving a citizen of life, liberty or property, the government must follow fair procedures. Citizens are entitled to have the government observe or offer fair procedures, whether or not those procedures have been provided for in the statutory law which is the basis of the action. Action denying the process that is "due" would be unconstitutional.

This is well explained in *McDonald v. City of Chicago*, 130 S. Ct. 3020, 177 L.Ed.2d 894 (2010), where the court held:

> "(2) Justice Black championed the alternative theory that § 1 of the Fourteenth Amendment totally incorporated all of the Bill of Rights' provisions, see, *e.g., Adamson v. California,* 332 U.S. 46, 71-72, 67 S.Ct. 1672, 91 L.Ed. 1903 (Black, J., dissenting), but the Court never has embraced that theory. Pp. 3032 – 3033.
> (3) The Court eventually moved in the direction advocated by Justice Black, by adopting a theory of selective incorporation by which the Due Process Clause incorporates particular rights contained in the first eight Amendments. See, *e.g., Gideon v. Wainwright,* 372 U.S. 335, 341, 83 S.Ct. 792, 9 L.Ed.2d 799. These decisions abandoned three of the characteristics of the earlier period. The Court clarified that the governing standard is whether a particular Bill of Rights protection is fundamental to our Nation's particular scheme of ordered liberty and system of justice. *Duncan, supra,* at 149, n. 14, 88 S.Ct. 1444. The Court eventually held that almost all of the Bill of Rights' guarantees met the requirements for protection under the Due Process Clause. The Court also held that Bill of Rights protections
> [130 S.Ct. 3023]
> must "all ... be enforced against the States under the Fourteenth Amendment

according to the same standards that protect those personal rights against federal encroachment." *Malloy v. Hogan,* 378 U.S. 1, 10, 84 S.Ct. 1489, 12 L.Ed.2d 653. Under this approach, the Court overruled earlier decisions holding that particular Bill of Rights guarantees or remedies did not apply to the States. See, *e.g., Gideon, supra,* which overruled *Betts v. Brady,* 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. Pp. 3034 – 3036."

Regardless of the PCR procedure (which Petitioner concedes is not reviewable in a *Habeas* action), or whether or not the OCCA can use a procedure, such as a statutory procedural bar, the issue is substantive due process in the application of that bar to this Petitioner, and others in like circumstances.

An independent state issue does not exist in this case, because there were federal constitutional issues to address. The state courts make a circular argument: it was appropriate to apply the bar, because there is a procedural bar, and the court says it is independent. No court looked to see if the bar was truly independent, and particularly, whether it was adequate bar. All courts ignored the fact that there were federal constitutional issues which prohibit the procedural bar from standing alone.

In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L. Ed.2d 594 (1977), this issue is made clear:

> "1, 2) As to the role of adequate and independent state grounds, it is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts. Fox Film Corp. v. Muller, 296 U.S. 207, 56 S.Ct. 183, 80 L.Ed. 158 (1935); Murdoch v. Memphis, 20 Wall. 590, 22 L.Ed. 429 (1875). The application of this principle in the context of a federal habeas proceeding has therefore excluded from consideration any questions of state substantive law, and thus effectively barred federal habeas review where questions of that sort are either the only ones raised by a petitioner or are in themselves dispositive of his case. The area of controversy which has developed has concerned the reviewability of federal claims which the

state court has declined to pass on
Page 82
because not presented in the manner prescribed by its procedural rules. **The adequacy of such an independent state procedural ground to prevent federal habeas review of the underlying federal issue has been treated very differently than where the state-law ground is substantive.** The pertinent decisions marking the Court's somewhat tortuous efforts to deal with this problem are: Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010 (1913); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 437, 97 L.Ed. 469 (1953); Fay v. Noia, supra; Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); and Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

In Brown, supra, petitioner Daniels' lawyer had failed to mail the appeal papers to the State Supreme Court on the last day provided by law for filing, and hand delivered them one day after that date. Citing the state rule requiring timely filing, the Supreme Court of North Carolina refused to hear the appeal. This Court, relying in part on its earlier decision in Ex parte Spencer, supra, held that federal habeas was not available to review a constitutional claim which could not have been reviewed on direct appeal here because it rested on an independent and adequate state procedural ground. 344 U.S., at 486-487, 73 S.Ct., at 422.

In Fay v. Noia, supra, respondent Noia sought federal habeas to review a claim that his state-court conviction had resulted from the introduction of a coerced confession in violation of the Fifth Amendment to the United States Constitution. While the convictions of his two codefendants were reversed on that ground in collateral proceedings following their appeals, Noia did not appeal and the New York courts ruled that his subsequent coram nobis action was barred on account of that failure. This Court held that petitioner was nonetheless entitled to raise the claim in federal habeas, and thereby overruled its decision 10 years earlier in

In Brown, supra, petitioner Daniels' lawyer had failed to mail the appeal papers to the State Supreme Court on the last day provided by law for filing, and hand delivered them one day after that date. Citing the state rule requiring timely filing, the Supreme Court of North Carolina refused to hear the appeal. This Court, relying in part on its earlier decision in Ex parte Spencer, supra, held that federal habeas was not available to review a constitutional claim which could not have been reviewed on direct appeal here because it rested on an independent and adequate state procedural ground. 344 U.S., at 486-487, 73 S.Ct., at 422.

In Fay v. Noia, supra, respondent Noia sought federal habeas to review a claim that his state-court conviction had resulted from the introduction of a coerced confession in violation of the Fifth Amendment to the United States Constitution. While the convictions of his two codefendants were reversed on that ground in collateral proceedings following their appeals, Noia did not appeal and the New York courts ruled that his subsequent coram nobis action was barred on account of that failure.

This Court held that petitioner was nonetheless entitled to raise the claim in federal habeas, and thereby overruled its decision 10 years earlier in Brown v. Allen, supra "

In this case, the Petitioner is arguing substantive due process, not merely the PCR procedures.

The most instructive case on the limitations of the application of state procedural bars is *Phillips v. Ferguson*, 182 F.3d 769 (10th Cir., 1999), where the court ruled:

> (1990). However, although the federal courts are unable to strike down state collateral-review procedural rules in a habeas corpus action, federal courts are not precluded from considering the adequacy of a state's collateral-review process in the context of a federal habeas challenge to an underlying state conviction. In that context, if the state asserts its post-conviction procedural rules as an independent and adequate state procedural bar, **the federal courts are required to consider the adequacy of the state's post-conviction procedural remedy. And, if it is determined that the state post-conviction procedure is unconstitutional, then such procedures would not, in most instances, be regarded as an adequate state procedural bar to habeas consideration of the underlying conviction.** See Klobuchir v. Commonwealth of Pennsylvania, 639 F.2d 966, 971 n.13 (3d Cir. 1991) ("To constitute an adequate and independent state ground, the [Pennsylvania Supreme Court's] interpretation of [the Pennsylvania Rules of Criminal and Appellate Procedure] had to be constitutionally sound . . ."); see also Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997) **(state procedural rule cannot bar a petitioner from raising a substantive due process claim of incompetence in a collateral proceeding)**, cert. denied, 119 S. Ct. 128 (1998); Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997) (same); Reynolds v. Berry, 146 F.3d 345, 347 (6th Cir. 1998)("**It is a dominant theme of the Supreme Court case law . . . that a federal habeas petitioner shall not be denied federal review of a federal constitutional claim on the basis of an asserted procedural ground that is manifestly unfair in its treatment of that claim.**"); Johnson v. Muncy, 830 F.2d 508, 512-14 (4th Cir. 1987) (same); cf. Reece v. Georgia, 350 U.S. 85, 89-90 (1955).

If there are Federal constitutional questions of law raised in a PCR, then the state procedural bar cannot be used until those issues are addressed. Because there are other questions of federal law; these are not independent state questions. This is a substantive

Page 7 of 9

due process law issue, raised by the Petitioner in his PCR, and cannot be disposed of on independent state grounds such as a procedural bar.

Specifically, on the issues at hand, particularly ineffective counsel, the Petitioner would cite *Black v. Workman,* 682 F.3d 880 (10th Cir., 2012). The Court discussed both ineffective counsel claims and procedural bars. The Court wrote:

> "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Smith v. Workman,* 550 F.3d 1258, 1274 (10th Cir.2008). "[T]he state law ground must have been the exclusive basis for the state court's holding."
> *Moore v. Reynolds,* 153 F.3d 1086, 1096 (10th Cir.1998) (internal quotation marks omitted).
> The leading Supreme Court precedent arose in the Oklahoma courts. In *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the OCA had held that Ake had waived his claims that he was entitled to a court-appointed psychiatrist to assist him in an insanity defense because he had not renewed his request for a psychiatrist in a new-trial motion. But under Oklahoma law there was no procedural bar if the alleged error was "fundamental trial error"; and federal constitutional error was considered an error of that type. *Id.* at 74–75, 105 S.Ct. 1087. Thus, the OCA could not apply the waiver rule without first addressing the federal constitutional error. The Supreme Court concluded that the state waiver rule was therefore not an independent state ground for barring review. It explained:
> [T]he State has made application of the procedural bar depend on an antecedent ruling on federal law, that is, on the determination of whether federal constitutional error has been committed. **Before applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question.**
> *Id.* at 75, 105 S.Ct. 1087. "As we have indicated in the past," said the Court, "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded." *Id.* The Court concluded that "[i]n this case, the ... holding of the state court—that the constitutional challenge presented here was waived—depends on the court's federal-law ruling and consequently does not present an independent state ground for the decision rendered." *Id.* "

In this case, neither the State District Court, nor the OCCA, addressed the constitutional issues raised by the Petitioner; such as Fifth Amendment rights to due

process. This is particularly true of the OCCA on appeal.

WHEREFORE, the Petitioner prays the Court to grant his Petition for Writ of *Habeas Corpus*, grant him a certificate of Appealability if applicable, and any other relief to which the Court finds the Petitioner is eligible, and to which he is constitutionally entitled.

Respectfully submitted,

s/ M. Michael Arnett
M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N. W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
Email: mikearnett1@juno.com