# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

| MAURICE TUBBS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. PC-2014-594 |
| STATE OF OKLAHOMA, | ) |
| Respondent. | ) |

FILED IN COURT OF CRIMINAL APPEALS STATE OF OKLAHOMA OCT 20 2014 MICHAEL S. RICHIE CLERK

## ORDER AFFIRMING DENIAL OF APPLICATION FOR POST-CONVICTION RELIEF

The Petitioner has appealed to this Court from an order of the District Court of Comanche County denying his application for post-conviction relief in Case No. CF-2009-180. Petitioner was tried by a jury and convicted of First Degree Felony Murder by Feloniously Discharging a Firearm into a Dwelling. He was sentenced in accordance with the jury's verdict to life imprisonment. Petitioner appealed to this Court and his Judgment and Sentence was affirmed. *Tubbs v. State*, No. F-2011-356 (Okl.Cr. March 7, 2013) (not for publication).

In this post-conviction appeal, Appellant asserts one proposition of error:

I. THE DISTRICT COURT NEVER ADDRESSED THE SERIOUS CONSTITUTIONAL DEPRIVATIONS WHICH RESULTED FROM USING A PROCEDURAL BAR TO CLAIM WAIVER OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL ALLEGATIONS, THEREBY VIOLATING THE PETITIONER'S FIFTH AND FOURTEENTH RIGHTS OF EQUAL PROTECTION AND DUE PROCESS.

Petitioner claims that, prior to trial, he informed his trial counsel that a handwriting expert would be needed to prove Petitioner did not write incriminating letters that were introduced into evidence. Petitioner also claims he told trial counsel that a Mr. Miguel Lee would testify that a key State's

witness, and not Petitioner, was the actual killer and tried to hide the murder weapon. Petitioner contends it was *per se* negligence not to have investigated these matters, because both would have made a difference in the outcome of his trial.

Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. Post-conviction review provides petitioners with very limited grounds upon which to base a collateral attack on their convictions and sentences. *Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 972 (citing 22 O.S.2011, § 1086). Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review. *Logan, supra.* Petitioner's substantive grounds for relief asserted in this matter were available to be raised during trial proceedings or in his direct appeal. Thus, the grounds for relief are barred by either *res judicata* or waiver, unless this Court finds sufficient reason why the grounds were not asserted or were inadequately raised in prior proceedings. *Logan, supra*; 22 O.S.2011, § 1086.

Petitioner's appellate counsel was not the same as his trial counsel; therefore, his claims of ineffective assistance of trial counsel could have been raised in his direct appeal. *Berget v. State*, 1995 OK CR 66, 907 P.2d 1078; *Sporn v. State*, 2006 OK CR 30, 139 P.3d 953; *cf. Davis v. State*, 2005 OK CR 21, 123 P.3d 243. In order to establish a claim of ineffective appellate counsel, Petitioner must show both (1) deficient performance, by demonstrating that his

appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for appellate counsel's unprofessional error, the result of his appeal would have been different. *Logan*, 2013 OK CR 2 at ¶5, 293 P.3d at 973. Petitioner has only presented his own affidavit as proof to support his allegations in this matter. He has not presented anything to show that a handwriting expert would provide evidence favorable to him, or that Mr. Lee would testify as Petitioner alleges. Thus, Petitioner has not established a material issue of fact, or prejudice resulting from his appellate counsel's performance. *Id.*; 22 O.S. 2011, §§ 1083, 1084. Accordingly, the order of the District Court of Comanche County denying Petitioner's application for post-conviction relief in Case No. CF-2009-180 should be, and is hereby, **AFFIRMED**.

Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2014), the MANDATE is ORDERED issued forthwith upon the filing of this decision with the Clerk of this Court.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 20th day of October, 2014.

_____
**DAVID B. LEWIS, Presiding Judge**

_____
**CLANCY SMITH, Vice Presiding Judge**

3

_____
GARY L. LUMPKIN, Judge

_____
ARLENE JOHNSON, Judge

ATTEST:

_____
Clerk

PA