IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAURICE TUBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-14-1282-F |
| v. | ) | |
| | ) | |
| TIM WILKINSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing with counsel, has filed this action seeking relief under 28 U.S.C. § 2254. The action was originally filed in the United States District Court for the Eastern District of Oklahoma and subsequently transferred to this Court by United States District Judge Payne pursuant to 28 U.S.C. § 2241(d). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be denied.

According to the Petition and attachment, Petitioner was convicted in a jury trial conducted in the District Court of Comanche County, Oklahoma, Case No. CF-2009-180, of the offense of Murder in the First Degree by Feloniously Discharging a Firearm into a Dwelling. He was sentenced consistent with the jury's recommendation to life

1

imprisonment.

Petitioner appealed the conviction, and on March 7, 2013, the Oklahoma Court of Criminal Appeals ("OCCA") entered an opinion affirming the conviction and sentence.[1] Thereafter, Petitioner filed an application for post-conviction relief in the District Court of Comanche County on May 16, 2014, and the district court entered a decision on June 13, 2014, denying the application.[2]

Petitioner appealed the district court's decision. On October 14, 2014, the OCCA entered an Order Affirming Denial of Application for Post-Conviction Relief. Petition, att. 1. The appellate court found Petitioner was asserting claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Specifically, the OCCA found Petitioner claimed that prior to his trial he informed his trial counsel that a handwriting expert would be needed to prove Petitioner did not write incriminating letters that were introduced into evidence. Petitioner also claimed that he told his trial counsel that Mr. Miguel Lee would testify that a key prosecution witness, and not Petitioner, was the actual killer and tried to hide the murder weapon. Despite this information, Petitioner claimed that his trial counsel did not investigate these matters and both would have made a difference in the outcome of his trial. Petition, att. 1, at 1-2.

The OCCA found that Petitioner's ineffective assistance of trial counsel claim could

---

[1] Petitioner has not provided the Court with a copy of this decision, and it is not available on the Westlaw® database.

[2] Petitioner has not provided the Court with a copy of this decision, and it is not available on the Westlaw® database.

have been raised in his direct appeal, as Petitioner had different counsel on appeal. Relying on the appellate court's well-established procedural bar rule, see Okla. Stat. tit. 22, § 1086, the OCCA found that Petitioner's ineffective assistance of trial counsel claim was procedurally barred from post-conviction review because he did not assert the claim in his direct appeal.

With respect to Petitioner's claim of ineffective assistance of appellate counsel, which was based on the failure to assert a claim of ineffective assistance of trial counsel, the OCCA applied the familiar two-part test established in Strickland v. Washington, 466 U.S. 668, 668 (1984)(as adopted by the OCCA in Logan v. State, 293 P.3d 969, 973 (Okla. Crim. App. 2013)), and found that Petitioner had failed to demonstrate either deficient performance or resulting prejudice from the claimed error.

Petitioner now seeks federal habeas relief. In his Petition, Petitioner impliedly raises the same claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel that he asserted in his state post-conviction proceedings. However, Petitioner makes no legal argument in support of these claims. Nor has Petitioner presented supporting documentary evidence or addressed the requirements of the governing federal habeas standard of review in 28 U.S.C. § 2254(d)(1).

Petitioner expressly asserts as his "grounds and facts for granting writ" that "the district court, in deciding the [post-conviction proceeding] misused the procedural bar because its decision was made on an alleged independent state ground. This violated the Petitioner's rights of due process, according to federal law, and the Fifth and Fourteenth

Amendments to the Constitution of the United States of America." Petitioner's argument appears to be that the OCCA's application of its procedural bar rule was not an independent state ground that precluded review of his ineffective assistance of counsel claims.

Petitioner relies on Black v. Workman, 682 F.3d 880 (10th Cir. 2012). In Black, the Tenth Circuit Court of Appeals addressed the issue of the adequacy of Oklahoma's procedural bar rule in Okla. Stat. tit. 22, § 1089(D)(8) for successive post-conviction applications and found that, in light of the Supreme Court's recent decision in Walker v. Martin, __ U.S. __, 131 S.Ct. 1120,1127 (2011), the OCCA's procedural dismissal of the petitioner's second post-conviction application rested on an adequate state ground. Black, 682 F.2d at 917 (citing Walker, 131 S.Ct. at 1130). With regard to the independence of the OCCA's ruling in the petitioner's post-conviction appeal the court certified the question to the OCCA. Id., at 918. Later, after the circuit court obtained the OCCA's response to the certified question, the court found that the state's "procedural bar was totally independent of federal law. The state court barred Defendant's claims under a state procedural rule without examining the merits of his federal issues. The bar did not depend on any issue of federal law subject to our review." Thus, the court found the petitioner's issues procedurally barred from federal habeas review. Black v. Trammel, 485 Fed.Appx. 335 (10th Cir. 2012)(unpublished op.), cert. denied, __U.S. __, 134 S.Ct. 73 (2013).

In this case, Petitioner's argument is simply incorrect. The OCCA applied its procedural bar rule to preclude review of Petitioner's ineffective assistance of trial counsel claim. This rule is an independent and adequate state ground for the court's decision. See

4

Welch v. Workman, 607 F.3d 674, 687 n. 4 (10th Cir. 2010)("Under Oklahoma law, claims previously raised and rejected are barred by res judicata. . . . Both the res judicata bar to claims previously rejected and the waiver rule for claims not previously raised . . . are included in Okla. Stat. tit. 22, §§ 1086 and 1089, and both are regularly and even-handedly applied by the state courts.")(internal quotation marks and citation omitted); Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002).

Having found that the procedural rule applied by the OCCA is both independent and adequate, this Court cannot consider the merits of Petitioner's procedurally-defaulted ineffective assistance of trial counsel claim unless he demonstrates an exception to the procedural default doctrine. To satisfy an exception, he must demonstrate cause excusing his default and resulting prejudice, or demonstrate that this Court's refusal to review the defaulted claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 401 U.S. 722, 750 (1991); Spears v. Mullin, 343 F.3d 1215, 1255 (10th Cir. 2003). "Cause excusing a procedural default must be some objective factor external to the habeas petition, not fairly attributable to him, that impeded his efforts to comply with the procedural rule in question." Spears, 343 F.3d at 1255.

Petitioner has asserted that he was denied effective assistance of appellate counsel, and it is assumed he is asserting that this claim connotes cause for his procedural default of his underlying ineffective assistance of trial counsel claim. The OCCA addressed and rejected on its merits Petitioner's claim of ineffective assistance of appellate counsel. With respect to this claim, the Antiterrorism and Effective Death Penalty Act ("AEDPA")

5

provides the standard for review.

Under the AEDPA, a federal court cannot grant habeas relief unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). Under this deferential standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773 (2010)(internal quotations and citation omitted).

"[W]hether a state court's decision was unreasonable must be assessed in light of the

record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

The OCCA found that the only new evidence presented by Petitioner was his own affidavit. The court specifically found that "Petitioner has only presented his own affidavit as proof to support his allegations in this matter. He has not presented anything to show that a handwriting expert would provide evidence favorable to him, or that Mr. Lee would testify as Petitioner alleges. Thus, Petitioner has not established a material issue of fact [of deficient performance], or prejudice resulting from his appellate counsel's performance." Petition, att. 1, at 3. Based on this record, see Pinholster, 131 S.Ct. at 1398, the OCCA's decision denying Petitioner's ineffective assistance of appellate counsel claim was not based on an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of clearly established law as set forth in Strickland. Petitioner has therefore failed to demonstrate he was denied effective assistance of appellate counsel, and he has not shown cause for his procedural default of the underlying ineffective assistance of trial counsel claim.

The second exception to the procedural default doctrine requires a showing that a fundamental miscarriage of justice will occur if the claim is not reviewed on its merits. The fundamental miscarriage of justice exception addresses those rare instances "where the State has convicted the wrong person of the crime." Sawyer v. Whitley, 505 U.S. 333, 340 (1992). Thus, to meet this exception, a petitioner must make "a colorable showing of factual

innocence." Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). This requires the petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner, who is represented by counsel, has not provided any evidence which attempts to show his actual innocence. He asserts, without benefit of any supporting evidence, that a "Mr. Lee would . . . have testified that one Cory Adams committed the crime" and that Petitioner "was at a house party with Lee." However, the Supreme Court established in Schlup, 513 U.S. at 865, that "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Petitioner has not provided any such evidence or even asserted that such evidence exists. Thus, Petitioner has not satisfied the fundamental miscarriage of justice exception, and federal habeas review of his procedurally defaulted claim is barred. Consequently, Petitioner is not entitled to federal habeas relief concerning his conviction and sentence in Case No. CF-2009-180.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 10th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure

8

to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   20th   day of   November  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE