IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURICE TUBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-01282-JD |
| | ) |
| TIM WILKINSON, WARDEN, | ) |
| | ) |
| Respondent. | ) |

# ORDER

Before the Court is Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) ("Motion"). [Doc. No. 23]. For the reasons outlined below, the Court dismisses the Motion.

On November 9, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of Oklahoma. [Doc. No. 3]. The Eastern District of Oklahoma transferred the case to this Court, where the case was assigned to Judge Friot. [*See* Doc. Nos. 5, 6]. Pursuant to 28 U.S.C. § 636, Judge Friot referred the case to United States Magistrate Judge Purcell for preliminary review. [Doc. No. 7].

Judge Purcell issued a Report and Recommendation ("R. & R.") recommending that the Court deny Petitioner's Petition. [Doc. No. 8]. The R. & R. found that the Oklahoma Court of Criminal Appeals ("OCCA") applied its procedural bar rule to preclude review of Petitioner's ineffective assistance of trial counsel claim, which is an independent and adequate ground for the OCCA's decision. [*Id.* at 4–5]. By asserting an

ineffective assistance of appellate counsel claim, the R. & R. assumed that Petitioner was asserting that his appellate counsel's ineffective assistance provided cause for his procedural default of his underlying ineffective assistance of trial counsel claim, which is an exception to the procedural default bar. [*Id.* at 5 ("To satisfy an exception, he must demonstrate cause excusing his default and resulting prejudice, or demonstrate that this Court's refusal to review the defaulted claim will result in a fundamental miscarriage of justice." (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003))]. The R. & R. examined the OCCA's rejection of Petitioner's ineffective assistance of appellate counsel claim on its merits. [*Id.* at 5–6]. The R. & R. examined if, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), (1) the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The R. & R. concluded that, upon review of the record, "the OCCA's decision denying Petitioner's ineffective assistance of appellate counsel claim was not based on an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of clearly established law . . . ." [Doc. No. 8 at 7]. Specifically, upon appeal, the OCCA stated that the only evidence Petitioner presented was his own affidavit and did not present evidence that a handwriting expert would have provided favorable evidence or that Mr. Lee would have testified as Petitioner alleged. [*Id.*].

The R. & R. also concluded that the second exception to procedural default did not apply. [*Id.* at 7–8]. The exception requires "that a fundamental miscarriage of justice will occur if the claim is not reviewed on its merits." [*Id.* at 7]. As the R. & R. explains, "a petitioner must make 'a colorable showing of factual innocence.'" [*Id.* at 7–8 (quoting *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000))]. The R. & R. found that Petitioner failed to present sufficient supporting evidence of actual innocence. [*Id.* at 8].

Petitioner filed objections to the R. & R. [Doc. No. 11]. Petitioner stated that the R. & R. incorrectly concluded that the application of the procedural bar to Petitioner's claims was an independent and adequate state ground. [*Id.* at 6]. Additionally, Petitioner stated that "[t]his is a federal substantive constitutional due process issue which the magistrate did not address." [*Id.*].

On January 8, 2015, Judge Friot conducted a *de novo* review, agreed with the analysis of the R. & R., and found Petitioner's objections to be without merit. [Doc. No. 12 at 1]. Judge Friot accepted, adopted, and affirmed the R. & R. denying Petitioner's Petition. [*Id.*]. He entered a judgment that same day. [Doc. No. 13].

Petitioner sought a certificate of appealability from the Tenth Circuit "on the ground that state procedural bars may not be applied to prevent consideration of federal constitutional issues." [Doc. No. 20 at 2–3]. The Tenth Circuit found this argument unpersuasive and declined Petitioner's request for a certificate of appealability, concluding that the Petitioner failed to raise any nonfrivolous argument for relief and failed to meet the standard under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). [*Id.* at 3]. The Tenth Circuit dismissed the appeal.

Petitioner then filed a motion with the Tenth Circuit seeking authorization to file a successive habeas petition on January 20, 2026, asserting that he had newly discovered evidence that the prosecutor in his underlying state court conviction failed to properly authenticate letters that served as evidence against him. [Doc. No. 22 at 2; *see also* Doc. No. 21 at 24]. On February 5, 2026, the Tenth Circuit denied the motion, concluding that (1) Petitioner failed to show that he could not have previously discovered the evidence through the exercise of due diligence and (2) Petitioner had not demonstrated that the new evidence "'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense.'" [Doc. No. 22 at 2 (quoting 28 U.S.C. § 2244(b)(2)(B)(ii))]. The Tenth Circuit also concluded that Petitioner had not presented evidence that the prosecutor did not properly authenticate the letters. [*Id.* at 3].

The Petitioner then filed his Rule 60(b) Motion in this Court on February 26, 2026. [Doc. No. 23]. After Petitioner filed the Motion, this case was reassigned to the undersigned judge. [Doc. No. 24]. Petitioner's Motion requests "the Court to reopen the judgment because the prior federal adjudication resolved the case through a procedural-default and cause analysis and did not adjudicate the already-raised authentication-related constitutional issue under the proper posture." [Doc. No. 23 at 3–4].

The Tenth Circuit has stated that a habeas petitioner may file a motion pursuant to Federal Rule of Civil Procedure 60(b) as long as it is not, in fact, a successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion is

a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* Examples of Rule 60(b) motions that are actually successive habeas petitions include

> a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

*Id.* at 1216 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)) (internal citations omitted) (alteration in original). If the substance of a motion under Rule 60(b) is equivalent to a successive habeas petition, as outlined above, a petitioner may not seek relief via Rule 60(b) because "habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus." *Id.* at 1215 (citing 28 U.S.C. § 2244) (internal footnote omitted). A panel of the Tenth Circuit must authorize a successive habeas motion before it may proceed. *See id.* (citing 28 U.S.C. § 2244(b)(3)). A district court lacks subject matter jurisdiction over an unauthorized second or successive petition. *See United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam); *Kingsolver v. Ray*, 242 F. App'x 476, 478 (10th Cir. 2007) (unpublished) (explaining that a district court could only dismiss the successive petition or transfer it to the circuit for certification) (citing *Spitznas*, 464 F.3d at 1227).

"By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition." *Spitznas*, 464 F.3d at 1216. Here, Petitioner alleges that the R. & R. "did not

5

adjudicate the already-raised authentication-related constitutional issue under the proper posture." [Doc. No. 23 at 3–4].

However, the Court concludes that the authentication issue was not before the Magistrate Judge. The Petition presented the following ground: "the District Court, in deciding the PCR, misused the procedural bar because its decision was made on an alleged independent state ground. This violated the Petitioner's rights of due process . . . ." [Doc. No. 3 at 3]. As factual background, Petitioner stated that his trial counsel failed to find a handwriting expert to testify that certain letters used as evidence against Petitioner were not authored by the Petitioner. [*Id.* at 2]. He also stated that his trial counsel failed to call a witness who would have testified that someone else committed the crime. [*Id.* at 3]. Lastly, he stated that his appellate counsel knew about both of those issues and failed to raise them on appeal. [*Id.*]. The Petitioner references that "there were federal constitutional issues to address" but does not specifically enumerate what those were. [*Id.* at 5].

Petitioner's Motion requests "that the Court vacate the prior judgment and reopen the case so the Court can address, after full briefing, the authentication-related constitutional issue that was already embedded in the prior habeas proceedings and the procedural-default and ineffective-assistance-of-appellate-counsel cause framing used to dispose of it." [Doc. No. 23 at 7]. But the Court concludes that the issue was not before Judge Purcell. Nor did Petitioner raise the issue upon his appeal of the district court's denial of post-conviction relief before the OCCA. [*See* Doc. No. 8 at 2–3 (detailing the issues on appeal)]. Petitioner's allegations related to authentication are new grounds, as

6

demonstrated by his motion seeking authorization to file a second or successive 28 U.S.C. § 2254 habeas petition before the Tenth Circuit, which details Petitioner's claim that the prosecutor failed to properly authenticate the letters used as evidence against Petitioner. [*See* Doc. No. 22]. Petitioner states that "[i]n denying authorization under section 2244(b), the Tenth Circuit stated that Petitioner had challenged the authenticity of the letters at trial and on direct appeal and therefore treated the issue as not new." [Doc. No. 23 at 5]. In fact, the Tenth Circuit stated that "the OCCA found that the letters were properly authenticated." [Doc. No. 22 at 3]. However, Petitioner has not explained how his Petition included allegations of relief based upon authentication. The Court does not find that his Petition presented this issue, and thus his Motion constitutes a successive habeas petition.

For these reasons, the Court DISMISSES the Motion for lack of jurisdiction because the Court concludes Petitioner's Motion is truly a successive habeas petition, which the Tenth Circuit has not granted Petitioner authorization to file. Because the Court views Petitioner's Motion as a successive habeas petition rather than a true Rule 60(b) motion, the Court declines to issue a certificate of appealability. *See Spitznas*, 464 F.3d at 1218 ("But no COA is required if the district court correctly treats a 60(b) motion as a second or successive petition and transfers it to us for authorization."). The Court, however, declines to transfer the Motion to the Tenth Circuit for authorization because the Tenth Circuit has already denied authorization for Petitioner to file a successive habeas petition on the same grounds as Petitioner asserts in his Motion. [*See* Doc. No. 22]. Accordingly, the Court concludes that "the interest of justice" does not support

transfer. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (explaining the district court should transfer a successive habeas petition filed without authorization to the Tenth Circuit "in the interest of justice").

    ENTERED this 12th day of March 2026.

_____<br>
JODI W. DISHMAN<br>
UNITED STATES DISTRICT JUDGE